PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.

---

In the Matter of the Application of THE HIGHWAY COMMISSIONERS OF THE TOWN OF BROOKHAVEN for Flagmen at Street Crossings in Patchogue.

*Order that an electric bell signal be erected at a railroad crossing — facts authorizing such order.*

Section 33 of the General Railroad Act (Chap. 565 of 1890) is broad enough to authorize the County Court, in a proper case, to order an electric bell signal to be erected and maintained where a railroad passes over a highway at grade.

A street was crossed by a railroad at grade at an acute angle, and it was with great difficulty that one going east could see a west-bound train, and east-bound trains were still more dangerous to travelers. The station signals when given could not be heard, and they were not always given. The view of the track of one coming in the same direction as the train was for a very short and varying distance, and the street was a crowded one.

*Held*, that while the proof showed that persons of extreme prudence and caution might escape accident, a direction by the County Court that an electric bell signal be erected and maintained at such crossing was proper.

APPEAL by the Long Island Railroad Company from an order made by the County Court of Suffolk county and entered in the office of the clerk of the county of Suffolk on the 14th day of August, 1893, directing said company to erect and maintain an electric signal bell at the intersection of its railroad with Main street, east of the village of Patchogue in the town of Brookhaven.

The highway commissioners of the town of Brookhaven presented a petition to the County Court of Suffolk county, which alleged that a request, in writing, had been presented to the general manager and to the superintendent of the Long Island Railroad Company, asking that company to station flagmen or to erect gates

at specified railroad crossings which crossed certain highways in East Patchogue, in the town of Brookhaven, at grade ; that the railroad company had neglected and refused to comply with such request in any particular, although ample time had elapsed for them to do so, and that great danger was threatened to life and property through the failure of the company to comply with such request. The relief asked was for an order directing the Long Island Railroad Company to station flagmen at all of such crossings, or to erect gates thereat, and to place a person at each gate to open and close the same when an engine or train should pass, or for such order as should seem proper to the court.

The answer of the Long Island Railroad Company denied that great danger was threatened to life and property through its failure to comply with the requests of the petitioners, and alleged that there was no necessity for flagmen or gates at such crossings, and that travelers on the highways approaching its tracks at such crossings could observe the approach of trains by the exercise of due care, and that there was no necessity for additional safeguards at such points.

*W. J. Kelly*, for the Long Island Railroad Company, appellant.

*Timothy M. Griffing*, for the petitioners, respondents.

BARNARD, P. J. :

The Long Island railroad crosses at grade three of the streets of Patchogue. The commissioners of highways of the town of Brookhaven, which includes the village, have applied to the county judge of Suffolk for a flagman at each crossing for the public safety. The proceedings were had before the county judge upon the issue made by the railroad company, that flagmen were not necessary at the crossings in question. The court decided that an electric bell was needed at the Main street crossing in Patchogue. The appeal is from this order. Section 33 of the General Railroad Act (Chap. 565 of the Laws of 1890) authorizes a County Court to make an order to station flagmen at points where railroads pass over a highway at grade, or that gates be erected and maintained at such points, or the court may make such other order respecting the same as may be deemed proper. The section is broad enough for the court to order the electric bell signal, if the case is a proper one.

The evidence shows a justifiable case for the exercise of this power by the court. Main street is crossed by the railroad at grade at an acute angle. It is with great difficulty that a traveler going east can see the train approaching from the east. The trains going east are still more dangerous. You cannot hear the signal when given, and there is proof that the station signals are not always given. The acute angle at which the railroad crosses the street makes it difficult to see a train going the same direction as the highway traveler. The traveler has to look behind him and then the point of vision is very short and varying in distance. Three hundred feet from the crossing the point of vision is but 100 feet to the west, while at a point a little over 400 feet from the crossing there is a very full view both east and west. The street is a crowded street. The proof shows that persons of extreme prudence and caution may escape accident, but the public apprehension of the danger of the crossing rests on solid grounds.

The company ought, therefore, to comply with the order of the County Court, and the order is affirmed, with costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.